UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALES AND GONZALES BONDS AND INSURANCE AGENCY INC, <br><br> Plaintiff(s), <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant(s). | No. C-11-02267 DMR <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Gonzales & Gonzales Bonds and Insurance Agency, Inc. brings suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendant United States Department of Homeland Security ("DHS") for allegedly failing and/or refusing to respond properly to Plaintiff's requests for approximately 571 alien files ("A-files"). Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(1)[1] to dismiss Plaintiff's complaint for lack of subject matter jurisdiction or, in the alternative, for failure to exhaust administrative remedies. (*See generally* Def.'s Notice of Am. Mot. & Am. Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Def.'s Mot.").) For the reasons below, the court grants Defendant's motion.

---

[1] DHS frames its motion as a Rule 12(b)(1) motion to dismiss. However, because it filed the motion after its answer, it was technically untimely. The court therefore will treat DHS's motion as a Rule 12(h)(3) suggestion of lack of subject matter jurisdiction. *See Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983).

## I. Background and Procedural History

Plaintiff, an authorized agent and underwriter of immigration bonds, acts as a surety agent posting immigration bonds. (Compl. ¶ 13.) Since June 23, 2009, Plaintiff has filed approximately 571 A-file requests with DHS. (Compl. ¶ 27.) The A-files concern aliens released from detention subject to one of Plaintiff's bonds. (Compl. ¶ 14.) According to Plaintiff, DHS has failed to timely respond[2] to many requests, and with respect to those requests to which DHS has replied, Plaintiff alleges that DHS has "improperly withheld A-file documents." (Compl. ¶ 27.)

On May 9, 2011, Plaintiff filed this FOIA action, bringing three causes of action against DHS stemming from the agency's alleged failure and/or refusal to provide Plaintiff with these A-files. (*See generally* Compl.) In Count I, Plaintiff claims that DHS improperly responded to 183 A-file requests by providing Plaintiff with so-called "Record of Proceedings" documents ("ROPs") or a letter stating that the given alien had been removed from the country; had been apprehended and is in custody; or is currently in removal proceedings. (Compl. ¶¶ 29-32; *see* Compl. Exs. 9-13.) Plaintiff filed administrative appeals for each request between October 30, 2009 and April 7, 2010. (Compl. ¶ 33.) However, as of May 6, 2011, with the exception of the acknowledgment of one appeal, DHS failed to timely respond to these appeals.[3] (Compl. ¶ 33.) In Count II, Plaintiff claims that when it filed an additional 240 A-file requests, DHS again insufficiently and untimely responded with more ROPs. (Compl. ¶¶ 35-37; *see* Compl. Ex. 14.) Plaintiff did not appeal these requests, because it believes from its experience in Count I that doing so would be futile. (Compl. ¶ 38.) In Count III, Plaintiff claims that as of May 6, 2011, DHS failed to timely acknowledge, let alone properly respond to, 148 other requests that it submitted between August 6, 2009 and April 4, 2011. (Compl. ¶ 40; *see* Compl. Ex. 16.) Plaintiff has not appealed these requests, as it believes that it would prove futile in light of its experiences in Count I. (Compl. ¶ 40.) Moreover, it appears that DHS has not provided Plaintiff with an initial decision from which it could appeal. *See* §

---

[2] FOIA provides that an agency "shall" rule on any request for documents within twenty days. § 552(a)(6)(A)(i). It also provides agencies with twenty days to make a determination on any appeal from an initial determination. § 552(a)(6)(A)(ii).

[3] During the motion hearing, DHS conceded that, as of the date of the hearing, it had not issued determinations in any of Plaintiff's appeals.

2

United States District Court
For the Northern District of California

552(a)(6)(A)(i). Defendant now moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction or, in the alternative, for Plaintiff's failure to exhaust its administrative remedies.

## II. Dismissal for Lack of Subject Matter Jurisdiction

### A. Legal Standard

Federal courts are courts of limited jurisdiction, and the presumption is that they are without jurisdiction unless the contrary affirmatively appears. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) (citation and quotation marks omitted). Parties may not waive subject matter jurisdiction, and the court retains a duty to assess whether it has jurisdiction throughout the duration of a case. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). A court will dismiss a party's claim for lack of subject-matter jurisdiction "when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1).

### B. The Parties' Contentions

According to DHS, the court lacks subject matter jurisdiction over Plaintiff's FOIA claims, because Plaintiff has not met what DHS characterizes as the jurisdictional requirements set forth in § 552. (Def.'s Mot. 5-9.) The relevant subsection states that:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

§ 552(a)(4)(B). Accordingly to DHS, a court may hear a FOIA claim only (1) if the complainant resides in or has its principal place of business in the court's district, (2) if the agency records requested are in that district, or (3) in the District Court for the District of Columbia. DHS proceeds to note that Plaintiff does not allege that it resides or has its principal place of business within the Northern District of California. (Def.'s Mot. 5-6 (citing Compl. ¶ 3).) In fact, DHS highlights that previous FOIA cases have held that Plaintiff resides and has its principal place of business in Los Angeles, in the Central District of California. (Def.'s Mot. 6 (collecting cases).) DHS also asserts

1 that a vast majority of the A-files in dispute are not within this District. (Def.'s Mot. 6; Laird Decl.
2 ¶¶ 3-5, Jan. 5, 2012.) DHS thus maintains that Plaintiff has not met the requirements of
3 § 552(a)(4)(B) and that the court should dismiss the case without prejudice so that Plaintiff may re-
4 file in the Central District of California or the District of Columbia. (Def.'s Mot. 9.)

5 Plaintiff opposes DHS's jurisdictional argument on two grounds: that § 552(a)(4)(B) is a
6 venue rather than jurisdictional provision (Pl.'s Opp'n to Mot. to Dismiss ("Pl.'s Opp'n") 2-3) and
7 that the court should prohibit DHS from attempting to argue that the subsection amounts to a
8 jurisdictional provision on grounds of judicial estoppel. (Pl.'s Opp'n 3-4.) The court makes its
9 ruling on the former.

10 **C. Analysis**

11 Despite the presence of the term "jurisdiction" in § 552(a)(4)(B), courts repeatedly have
12 interpreted the statute as a restriction on venue rather than subject matter jurisdiction. For example,
13 in *Sierra Club v. United States Department of Agriculture*, the court described the clause as "a
14 provision limiting the venues in which FOIA actions may be brought." No. 08-4248 SC, 2008 WL
15 5273726, at *2 (N.D. Cal. Dec. 19, 2008) (not reported in F. Supp. 2d). Similarly, in *Our Children's
16 Earth Foundation v. United States Environmental Protection Agency*, the court undertook an
17 extensive analysis of the nature of § 552(a)(4)(B). No. 08-1461 SBA, 2008 WL 3181583 (N.D. Cal.
18 Aug. 4, 2008) (not reported in F. Supp. 2d). It concluded that "jurisdiction [in a FOIA case] is
19 established under the federal question statute, 28 U.S.C. § 1331, because [a FOIA case] arises under
20 a law of the United States," and that subsection (a)(4)(B) "is a venue provision, not a jurisdictional
21 one." *Id.* at *5; *accord id.* at *6 (citing *Lykins v. U.S. Dep't of Justice*, 725 F.2d 1455, 1462 n.7
22 (D.C. Cir. 1984); *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983) (per curiam); *Haswell v. Nat'l R.R.
23 Passenger Corp.*, No. 05-723, 2006 WL 839067, at *1 (D. Ariz. Mar. 28, 2006) (not reported in F.
24 Supp. 2d); *Boggs v. United States*, 987 F. Supp. 11, 18 n.4 (D.D.C. 1997); *Keen v. F.B.I.*, No. 97-
25 2657 TEH, 1997 WL 671711, at *1 (N.D. Cal. Oct. 17, 1997) (not reported in F. Supp.)) (noting that
26 cases in district courts within Ninth Circuit, District Court for District of Columbia, and Court of
27 Appeals for District of Columbia treated § 552(a)(4)(B) as venue, rather than jurisdictional, statute).
28

In light of this persuasive line of case law,[4] the court will treat the statutory subsection as a venue,[5] and not a jurisdictional, provision. The court therefore denies DHS's motion to dismiss for lack of subject matter jurisdiction under § 552.

### III. Dismissal for Failure to Exhaust Administrative Remedies

#### A. Administrative Exhaustion

A party bringing a FOIA claim generally must exhaust its administrative remedies before seeking judicial review. *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986) (citations omitted); *Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 25 (D.D.C. 2008) (citation omitted). This rule aims to provide an agency with an opportunity to "exercise its discretion and expertise" and "make a record for the district court to review." *In re Steele*, 799 F.2d at 466 (citations omitted). In cases where a party has made "no attempt to comply fully with agency procedures," a court will assert its lack of jurisdiction under the doctrine. *Id.* (citation omitted). Nevertheless, in circumstances where failure to exhaust would not undermine the "purposes and policies" behind the requirement, courts have recognized exceptions to the administrative exhaustion doctrine. *Antonelli*, 591 F. Supp. 2d at 25 (citations omitted). For example, a court will waive the requirement when the dispute before it relates to statutory interpretation or a constitutional question -- areas where the judiciary has greater expertise than agencies. *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus.*, 727 F.2d 1204, 1209-10 & n.16 (D.C. Cir. 1984) (citations omitted); *see Marine Mammal Conservancy, Inc. v. Dep't of Agric.*, 134 F.3d 409, 411 (D.C. Cir. 1998). Courts also will entertain a case when exhaustion "would have been futile." *Marine Mammal Conservancy, Inc.*, 134 F.3d at 411.

---

[4] "[T]he federal courts in the District of Columbia have long been on the leading edge of interpreting the FOIA." *Our Children's Earth Found.*, 2008 WL 3181583, at *6 (citation and quotation marks omitted); *accord In re Scott*, 709 F.2d at 720 (noting that Congress added District of Columbia to list of fora in which FOIA complaint may be brought in part to "provide plaintiffs with an opportunity to bring complaints in a court which has 'substantial expertise' in working with the FOIA")

[5] The court need not address whether the Northern District of California is a proper venue for Plaintiff's claim, because DHS has waived any objection to venue by not raising it in its answer or the current motion. Fed. R. Civ. P. 12(h); *see Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

**B. The Parties' Contentions**

DHS asks the court to dismiss Plaintiff's claims for failing to exhaust administrative remedies on several grounds. (Def.'s Mot. 9-12.) DHS first asserts that Plaintiff failed to abide by the agency's FOIA application procedures. DHS regulations require a FOIA applicant making a records request about another individual to submit "either a written authorization signed by that individual permitting disclosure of those records to [the applicant] or proof that the individual is deceased." 6 C.F.R. § 5.3(a); *see id.* § 5.21(f). In addition, the applicant must provide "a written statement from the subject of the [A-files] stating his/her full name, current address, and date and place of birth. That written statement must be signed by the records subject and the signature must either be notarized or signed under penalty of perjury." (Def.'s Mot. 9-10 (citing § 5.21(d).) Because Plaintiff did not submit these waivers or consents[6] (Laird Decl. ¶ 7), DHS urges the court to dismiss the entire complaint. In the alternative, DHS asks the court to dismiss Count II of Plaintiff's complaint because Plaintiff failed to file administrative appeals of the agency's 240 initial determinations. (Def.'s Mot. 10-11 (citing § 5.9 (establishing procedural necessity of and means for appealing adverse FOIA decisions).) Because of this failure to appeal, DHS asserts that it "was not put on notice regarding what aspect of its disclosure, redacting, or withholding, is being challenged. . . . [It] had [no] chance to correct mistakes made at lower levels and thereby obviate[] unnecessary judicial review." (Def.'s Mot. 11 (second brackets in original) (citation and quotation marks omitted).)

Plaintiff disputes DHS's claim that §§ 5.3(a) and 5.21(f) apply to FOIA applications and that the consent requirements within them lawfully apply to its FOIA applications. (Pl.'s Opp'n 7.) Plaintiff maintains that these regulations "impermissibly conflict[] with the FOIA and case law interpreting the FOIA." (Pl.'s Opp'n 7.) According to Plaintiff, DHS's consent requirements erect

---

[6] DHS concedes that without these forms, it still may release some documents under the routine use provision of the Privacy Act, 5 U.S.C. § 552a(j) & (k), and has agreed to do so for twenty disputed "items." (Def.'s Mot. 10 (citing Laird Decl. ¶ 6).) It has already produced eleven. (Laird Decl. ¶ 6.) Although FOIA claims become moot after the release of contested documents, *see Judicial Watch, Inc. v. U.S. Naval Observatory*, 160 F. Supp. 2d 111, 112 (D.D.C. 2001) (citing § 552(a)(6)(E)(iv)), it is unclear from the parties' papers if DHS produced the A-files that Plaintiff requested. With the limited factual record before it, the court cannot deem these claims moot at this time.

6

an impermissible obstacle between FOIA applicants and the information they seek by establishing a "substantive 'tenth' exemption to disclosure" under the statutory scheme. (Pl.'s Opp'n 8.) Therefore, to challenge the validity of these regulations, Plaintiff insists that it had to violate the regulations in order to seek judicial review of their legality. (Pl.'s Opp'n 10-11.) With respect to the FOIA applications in Count II, Plaintiff avers that appealing the adverse decisions would have proven futile because DHS had failed to rule on 182 of its 183 appeals in Count I, even though the statutory twenty-day window for doing so had long passed. (Def.'s Opp'n 11-12 (citing § 552(a)(6)(A)(ii).) Filing 240 additional appeals would have led to the same bureaucratic dead end.

### C. Analysis

#### 1. DHS's Consent Requirements

When Congress enacted FOIA, it intended to "clos[e] the loopholes which allow agencies to deny legitimate information to the public." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 150 (1989) (citations omitted). Congress thus structured FOIA so that an agency must disclose records "to any person . . . unless they may be withheld pursuant to one of the nine enumerated exemption listed § 552(b)." *Id.* at 150-51 (citation and quotation marks omitted). The nine exemptions are:

> (1) (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;
> (2) related solely to the internal personnel rules and practices of an agency;
> (3) specifically exempted from disclosure by statute (other than section 552b of this title), if that statute-- (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.
> (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;
> (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;
> (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;
> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished

> information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual;
> (8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or
> (9) geological and geophysical information and data, including maps, concerning wells.

§ 552(b). "'These exemptions are explicitly made exclusive, and must be narrowly construed.'" *Muttitt v. U.S. Cent. Command*, No. 10-202, 2011 WL 4478320, at *3 (D.D.C. Sept. 28, 2011) (quoting *Milner v. Dep't of the Navy*, 131 S. Ct. 1259, 1262 (2011)); *accord Tax Analysis*, 492 U.S. at 151 (citations and quotation marks omitted); *Morley v. C.I.A.*, 508 F.3d 1108, 1114-15 (D.C. Cir. 2007) (citation omitted). Records that an agency withholds for reasons not within the exemptions "are improperly withheld." *Tax Analysts*, 492 U.S. at 151 (footnote omitted); *accord Morley*, 508 F.3d at 1119 (citation omitted).

The arguments in Plaintiff's brief suggest that it means to challenge the lawfulness of DHS's procedural consent requirements, embodied in §§ 5.3 and 5.21, in the context of FOIA's statutory scheme. If so, Plaintiff would have to bring suit after failing to comply with the contested regulations. *See Hull v. I.R.S.*, 656 F.3d 1174, 1180 (10th Cir. 2011) (citations omitted) (holding that to challenge agency FOIA application procedure before court, party must have refused to comply with procedure at administrative level). As previously stated above, courts will not apply the administrative exhaustion doctrine in such circumstances, because the party's claim rests upon statutory interpretation. *See I.A.M. Nat'l Pension Fund Benefit Plan C*, 727 F.2d at 1201 & n.16; *Marine Mammal Conservancy, Inc.*, 134 F.3d at 411. However, Plaintiff has not sufficiently articulated such a claim in its complaint, and the complaint presents no other cause of action that would exempt it from complying with DHS's consent procedures. The court therefore dismisses Plaintiff's complaint with leave to amend. *In re Steele*, 799 F.2d at 466 (citation omitted).

### 2. Futility

8

Although the court has dismissed Plaintiff's complaint, any amended complaint likely will retain the alleged administrative exhaustion defect that DHS alleges with respect to Count II, namely that Plaintiff should have appealed the 240 FOIA applications in that cause of action. To conserve the parties' and the court's resources, the court will address this argument now and not subject the parties to another round of briefing on the issue.

As DHS correctly points out, a party cannot argue futility in response to its failure to exhaust administrative remedies when the grounds for futility are that the party would receive unfavorable determinations. *See Marine Mammal Conservancy, Inc.*, 134 F.3d at 413. To show futility, "[i]t must appear that pursuing available administrative remedies would have been ***clearly useless***, that the ultimate denial of relief was a ***certainty***." *Id.* (emphasis added) (citations and quotation marks omitted). In this case, Plaintiff essentially alleges that DHS abrogated its responsibilities and effectively adopted a practice of not responding to its appeals. *See Muttitt*, 2011 WL 4478320, at *8 ("[A] formal policy or regulation is not required to sustain a claim for relief enjoining a pattern or practice of violating FOIA."). Plaintiff filed its 183 FOIA appeals in Count I between October 30, 2009 and April 7, 2010. (Compl. ¶ 13, Ex. 9.) FOIA provides agencies with twenty days to respond to such appeals. § 552(a)(6)(A)(ii). Depending on the specific appeal's filing date, DHS's deadline for responding to these 183 appeals ran between December 1, 2009 and May 4, 2010. However, as noted above, as of February 9, 2012, DHS has responded to only one appeal in writing and has issued no decisions on any of them. In light of this stark record, there is no reason to believe that if Plaintiff had appealed the 240 additional decisions in Count II, DHS would have issued decisions within twenty days, from which Plaintiff could then seek judicial review. The court finds that DHS's refusal or inability to assess Plaintiff's appeals in even a remotely timely manner reasonably indicated to Plaintiff that further appeals would be futile.[7] *Cf. ICM Registry, LLC v. U.S. Dep't of Commerce*, No. 06-949, 2007 WL 1020748, at *11 (D.D.C. Mar. 29, 2007) (not reported in F. Supp. 2d).

---

[7] The court also finds that Plaintiff adequately pled futility with respect to its Count III FOIA applications because DHS has failed to respond to them with initial determinations.

9

**IV. Conclusion**

For the reasons provided above, the court GRANTS Defendant's Motion to Dismiss. The court also grants Plaintiff leave to file an amended complaint by March 20, 2012.

IT IS SO ORDERED.

Dated: February 9, 2012



DONNA M. RYU
United States Magistrate Judge

10