**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALES AND GONZALES BONDS AND INSURANCE AGENCY INC,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　Defendant(s).<br>_____/ | No. C-11-02267 DMR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

　　　　Plaintiff Gonzales & Gonzales Bonds and Insurance Agency, Inc. brings suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendant United States Department of Homeland Security ("DHS") for allegedly failing and/or refusing to respond properly to Plaintiff's requests for approximately 571 alien files ("A-files"). Defendant moves to dismiss Plaintiff's complaint for failure to exhaust administrative remedies or, in the alternative, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*See generally* Def.'s Notice of Mot. & Mot. to Dismiss ("Def.'s Mot.").) The court has determined that this matter may be decided without oral argument, and therefore vacates the May 24, 2012 hearing. For the reasons below, the court grants in part and denies in part Defendant's motion.

**I. Background and Procedural History**

Plaintiff is an authorized agent and underwriter of bonds. It posts immigration bonds on behalf of American Surety Company ("ASC"), a federally approved surety company, with DHS for the release of aliens from detention pending determination of the alien's immigration status. (Am. Compl. ¶¶ 6, 16.) Since June 23, 2009, Plaintiff has filed approximately 571 alien file ("A-file")[1] FOIA requests with DHS. (Am. Compl. ¶¶ 1, 30.) According to Plaintiff, DHS has failed to respond to many of these FOIA requests; with respect to those requests to which DHS has replied, Plaintiff alleges that the responses were untimely[2] and that DHS "improperly withheld A-file documents."[3] (Am. Compl. ¶ 30.) Plaintiff attributes many of these allegedly improper withholdings to DHS's reliance on the consent provision in 6 C.F.R. § 5.3, which mandates that if a party makes a FOIA request about another individual, "either a written authorization signed by that individual permitting disclosure of those records . . . or proof that that individual is deceased . . . must be submitted," § 5.3(a). (Am. Compl. ¶ 31.)

On May 9, 2011, Plaintiff filed this FOIA action, bringing three causes of action against DHS stemming from the agency's alleged failure and/or refusal to provide Plaintiff with the A-files. (*See generally* Compl.) In Count I, Plaintiff claimed that DHS improperly responded to 183 A-file

---

[1] The A-files concern aliens released from detention subject to one of Plaintiff's bonds and contain documents relevant to disputed bond breach claims. (Am. Compl. ¶¶ 1, 17, 29.) The documents help Plaintiff "(1) locat[e] and produc[e] the alien to DHS, (2) identify[] available defenses under the terms of the bonds . . . , and (3) mitigat[e] damages claimed by DHS." (Am. Compl. ¶ 29.)

[2] FOIA provides that an agency "shall" rule on any request for documents within twenty days. § 552(a)(6)(A)(i). It also provides agencies with twenty days to make a determination on any appeal from an initial determination. § 552(a)(6)(A)(ii).

[3] Defendant repeatedly asserts that it has responded to Plaintiff's FOIA requests "pursuant to the Privacy Act of 1974," 5 U.S.C. § 552a, and appears to treat the two statutory schemes as interchangeable. (Def.'s Mot. 2; *accord* Def.'s Mot. 3-4, 8, 11.) However, as Plaintiff's Amended Complaint makes amply clear, Plaintiff filed hundreds of FOIA applications and now appeals DHS's determinations under the FOIA – not the Privacy Act. (*See generally* Am. Compl.) The courts have long held that FOIA and the Privacy Act are distinct mechanisms for obtaining government information and that it is legal error to conflate them. *See U.S. Dep't of Defense v. FLRA*, 510 U.S. 487, 494 (1994); *Pierce v. Dep't of U.S. Air Force*, 512 F.3d 184, 191 (5th Cir. 2007) (holding that FOIA "is an entirely different framework" than Privacy Act) (citing *Greentree v. U.S. Customs Serv.*, 674 F.2d 74, 76 (D.C. Cir.1982); *Rojem v. U.S. Dep't of Justice*, 775 F. Supp. 6, 13 (D.D.C. 1991); *Simon v. U.S. Dep't of Justice*, 752 F. Supp. 14, 22-23 (D.D.C.1990)). The production of documents under the Privacy Act does not nullify DHS's obligations under FOIA. *See Rojem*, 775 F. Supp. at 13.

2

requests by providing Plaintiff only with so-called "Record of Proceedings" documents ("ROPs") or a letter giving a brief description of the alien's status as removed, in removal proceedings, or apprehended and in custody. (Compl. ¶¶ 29-32; *see* Compl. Exs. 9-13.) Plaintiff filed administrative appeals for each request between October 30, 2009 and April 7, 2010. (Compl. ¶ 33.) However, as of May 6, 2011, with the exception of the acknowledgment of one appeal, DHS had failed to timely respond to these appeals.[4] (Compl. ¶ 33.) In Count II, Plaintiff claimed that when it filed an additional 240 A-file requests, DHS again insufficiently and untimely responded with more ROPs. (Compl. ¶¶ 35-37; *see* Compl. Ex. 14.) Plaintiff did not appeal these requests, because it believed from its experience in Count I that doing so would have been futile. (Compl. ¶ 38.) In Count III, Plaintiff claimed that as of May 6, 2011, DHS had failed to timely acknowledge, let alone properly respond to, 148 other requests that it had submitted between August 6, 2009 and April 4, 2011. (Compl. ¶ 40; *see* Compl. Ex. 16.) Plaintiff did not appeal these requests, as it believed that it would have proven futile in light of its experiences in Count I. (Compl. ¶ 40.)

Defendant moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction or, in the alternative, for Plaintiff's failure to exhaust its administrative remedies. [Docket No. 28.] In the latter argument, DHS asserted that Plaintiff failed to perfect its administrative appeals and that, when seeking information about third-parties, Plaintiff failed to submit the consent authorization required by 6 C.F.R. § 5.3(a). After conducting a hearing, the court granted Defendant's motion on the grounds that Plaintiff had failed to exhaust his administrative remedies by not adhering to the requirements of § 5.3 and dismissed Plaintiff's complaint with leave to amend. *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. U.S. Dep't of Homeland Sec.*, No. 11-2267 DMR, 2012 WL 424852, at *6 (N.D. Cal. Feb. 9, 2012). In the interest of conserving the court's and parties' resources, the court also held that Plaintiff's failure to exhaust its administrative remedies with

---

[4] During a February 9, 2012 motion hearing, DHS conceded that, as of that date, it had not issued determinations in any of Plaintiff's appeals. In its current moving brief, however, DHS insists that during the hearing, "the Court misunderstood the number of the requests to which Defendant had already responded." (Def.'s Mot. 4 n.3.) DHS is incorrect. Defendant's counsel explicitly stated during the hearing that DHS had responded to none of Plaintiff's FOIA appeals. (Audio Recording of Feb. 9, 2012 hr'g at 11:11-15.) As discussed *supra*, production of documents under the Privacy Act does not constitute a determination of a FOIA appeal.

respect to the FOIA applications in Counts II and III did not preclude the court from entertaining Plaintiff's claims. *Id.* In light of DHS's treatment of Plaintiff's applications in Count I, to have required Plaintiff to exhaust its administrative remedies would have proven futile. *Id.*

Plaintiff filed its Amended Complaint on March 20, 2012 and brings four causes of action against DHS. [Docket No. 36.] Counts I, II, and III in the Amended Complaint trace their respective counterparts in the original complaint, as described above. (Am. Compl. ¶¶ 34-51; *see* Am. Compl. Exs. 10-17.) Plaintiff brings Count IV pursuant to FOIA or, in the alternative, 5 U.S.C. § 706(2) of the Administrative Procedures Act ("APA"). (Am. Compl. ¶ 55.) Plaintiff contests, "generally and as applied to [its] requests" (Am. Compl. ¶ 61), the validity of 6 C.F.R. § 5.3, which requires a party seeking records about another individual under FOIA to provide the agency with "either a written authorization signed by that individual permitting disclosure of those records . . . or proof that that individual is deceased," § 5.3(a). (Am. Compl. ¶¶ 53-70.) According to DHS, this provision "amounts to a substantive 'tenth' exemption to disclosure under the guise of a procedural requirement for making a FOIA request." (Am. Compl. ¶ 54.) "If a party does not have the consent . . . , then DHS takes the position that it can withhold every single document requested without the need to determine whether any of the specific nine withholding exemptions specified in the FOIA apply." (Am. Compl. ¶ 54.) DHS now moves the court to dismiss Plaintiff's FOIA claims for failure to exhaust administrative remedies and its APA claim for failing to state a claim upon which relief can be granted.

## II. Dismissal for Failure to Exhaust Administrative Remedies

### A. The Parties' Arguments

DHS asks the court to dismiss Plaintiff's FOIA claims because Plaintiff failed to exhaust his administrative remedies when it refused to submit § 5.3 consent forms with its FOIA applications. (Def.'s Mot. 6-8.)

Plaintiff does not contest that it did not submit consent forms to DHS. Rather, it disputes the agency's claim that the consent requirement embodied in § 5.3 lawfully applies to FOIA applications. (Pl.'s Opp'n 3-6.) Plaintiff maintains that the regulation "impermissibly conflicts with the FOIA and case law interpreting the FOIA" because it "effectively prevent[s] disclosure of any

4

information 'about an individual' unless the individual's consent is obtained and provided to DHS." (Pl.'s Opp'n 3-4 (footnote omitted).) According to Plaintiff, DHS's consent requirement erects an impermissible obstacle between FOIA applicants and the information they seek by establishing a "tenth, substantive exemption under the FOIA under the auspices of 'privacy.'" (Pl.'s Opp'n 4; *see* Pl.'s Opp'n 6 ("The consent regulation does not carry out the FOIA provisions. On the contrary, it creates a wholesale barrier to the implementation of the FOIA.").) Furthermore, Plaintiff asserts that the regulation impermissibly makes the agency's FOIA determinations dependent on the identity of the requester, rather than on the nature of the information sought, and therefore should be struck down. (Pl.'s Opp'n 7-8.) To seek judicial review of the regulations' validity, Plaintiff insists that it had to submit its FOIA applications to DHS in violation of the regulation. (Pl.'s Opp'n 10-12.)

**B. Administrative Exhaustion**

A party bringing a FOIA claim generally must exhaust its administrative remedies before seeking judicial review. *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986) (citations omitted); *Flaherty v. President of the U.S.*, 796 F. Supp. 2d 201, 207 (D.D.C. 2011); *Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 25 (D.D.C. 2008) (citation omitted).[5] This rule aims to provide an agency with an opportunity to "exercise its discretion and expertise" and "make a record for the district court to review." *In re Steele*, 799 F.2d at 466 (citations omitted); *accord Vest v. Dep't of the Air Force*, 793 F. Supp 2d 103, 112 (D.D.C. 2011). In cases where a party has made "no attempt to comply fully with agency procedures," a court will assert its lack of jurisdiction under the doctrine. *In re Steele*, 799 F.2d at 466 (citation omitted); *accord Vest*, 793 F. Supp. 2d at 112. Nevertheless, in circumstances where failure to exhaust would not undermine the "purposes and policies" behind the requirement, courts have recognized exceptions to the administrative exhaustion doctrine. *Antonelli*, 591 F. Supp. 2d at 25 (citations omitted). For example, a court will waive the

---

[5] "[T]he federal courts in the District of Columbia have long been on the leading edge of interpreting the FOIA." *Our Children's Earth Found. v. U.S. EPA*, No. 08-1461 SBA, 2008 WL 3181583, at *6 (N.D. Cal. Aug. 4, 2008) (not reported in F. Supp. 2d) (citation and quotation marks omitted); *accord In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983) (per curiam) (noting that Congress added District of Columbia to list of fora in which FOIA complaint may be brought in part to "provide plaintiffs with an opportunity to bring complaints in a court which has 'substantial experience' in working with the FOIA").

requirement when the dispute before it relates to statutory interpretation or a constitutional question – areas where the judiciary has greater expertise than agencies. *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus.*, 727 F.2d 1204, 1209-10 & n.16 (D.C. Cir. 1984); *see Marine Mammal Conservancy, Inc. v. Dep't of Agric.*, 134 F.3d 409, 411 (D.C. Cir. 1998).

### C. Analysis

In its Amended Complaint, Plaintiff challenges the lawfulness of DHS's procedural consent requirements, embodied in § 5.3, in the context of FOIA's statutory scheme. Under these circumstances, Plaintiff could bring suit only after failing to comply with the contested regulation. *See Hull v. I.R.S.*, 656 F.3d 1174, 1180 (10th Cir. 2011) (citations omitted) (holding that to challenge agency FOIA application procedure before court, party must have refused to comply with procedure at administrative level). As previously stated, courts will not apply the administrative exhaustion doctrine in such circumstances, because the party's claim rests upon statutory interpretation – an area of court, rather than agency, expertise. *See Marine Mammal Conservancy, Inc.*, 134 F.3d at 411; *I.A.M. Nat'l Pension Fund Benefit Plan C*, 727 F.2d at 1210 & n.16. The court therefore declines to dismiss Plaintiff's FOIA claims for failing to exhaust administrative remedies.[6]

## III. Dismissal for Failure to State a Claim

### A. The Parties' Contentions

DHS argues that Plaintiff's APA claim challenging the validity of § 5.3 is time-barred pursuant to the six-year statute of limitations in 28 U.S.C. § 2401(a)[7] because "although it is not entirely clear, Plaintiff's APA claim appears to be a facial challenge" to the regulation. (Def.'s Mot. 11 (citation omitted).) According to DHS, Plaintiff's claim accrued when the notice of the regulation's promulgation appeared in the Federal Register, i.e. on January 27, 2003. (Def.'s Mot.

---

[6] To the extent DHS's briefing contains substantive arguments on the validity of the challenged regulation, the court declines to consider "merits" arguments as part of this motion, which addresses the adequacy of the pleadings.

[7] The statute states, in relevant part, that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." § 2401(a).

6

12 (citing *Freedom of Info. Act & Privacy Act Procedures*, 68 Fed. Reg. 4056 (Dep't of Homeland Sec. Jan. 27, 2003)).) Therefore, Plaintiff had until January 27, 2009 to bring his APA claim before the Court.

### B. Dismissal for Failure to State a Claim

Challenges to a claim based on the expiration of a statute of limitations fall within the purview of Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Jones v. Bock*, 549 U.S. 199, 215 (2007). When reviewing a motion to dismiss for failing to state a claim pursuant to that subsection, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 662 U.S. at 678 (citation omitted). In other words, the facts alleged to demonstrate an "entitle[ment] to relief require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2005) (first brackets in original) (quotation marks omitted) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." (citation omitted)).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, the court may consider extrinsic evidence without converting the motion into a motion for summary judgment in two circumstances. *Id.* (citation omitted); *see* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). First, the court may examine "material which is properly submitted as a part of the complaint." *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). If a document's authenticity is not contested and the

complaint "necessarily relies" on it, the court may take that document into account even if it is not physically attached to the complaint. *Id.* (citation and quotation marks omitted). Second, the court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201. *Id.* at 688-89 (citation and quotation marks omitted); *see Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).

### C. Analysis

As a preliminary matter, the court notes that, contrary to DHS's assertion, Plaintiff has expressly brought both a facial and an as-applied challenge to § 5.3 under the APA. (*See* Am. Compl. ¶ 61.) That statutory scheme, 5 U.S.C. §§ 701-706, governs judicial review of final agency actions. *Sierra Club v. Penfold*, 857 F.2d 1307, 1315 (9th Cir. 1998). Claims brought under it are subject to the six-year statute of limitations set forth in 28 U.S.C. § 2401(a). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 930 (9th Cir. 2010).

Plaintiff's facial challenge to § 5.3 claims that DHS "violated 5 U.S.C. §§ 552 and 553 by failing to comply with the notice and public procedure requirements with respect to the consent provision." (Am. Compl. ¶ 65.) Although a party may bring an APA action that procedurally challenges an agency's rulemaking, *Sierra Club*, 857 F.2d at 1315, the court will not reach the merits of this claim. The statute of limitations for a facial regulatory challenge begins to run when the agency publishes the regulation in the Federal Register, *Dunn-McCampbell Royalty Interest v. Nat'l Park Serv.*, 112 F.3d 1283, 1287 (5th Cir. 1997) (citing *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384 (1947); *Friends of Sierra R.R., Inc. v. Interstate Commerce Comm'n*, 881 F.2d 663, 667-68 (9th Cir. 1989)), which in this case was January 27, 2003, *see Freedom of Info. Act & Privacy Act Procedures*, 68 Fed. Reg. 4056. Plaintiff therefore had until January 27, 2009 to bring its facial challenge before the Court. Plaintiff first raised this claim when it filed its Amended Complaint on March 20, 2012. [Docket No. 36.] Even if the court determined that the claim related back to the filing of the original complaint pursuant to Federal Rule of Civil Procedure 15(c), that would push the date back to only March 9, 2011. [*See* Docket No. 1.] The court therefore dismisses the claim with prejudice.

Plaintiff's as-applied challenge to the regulation, though, faces no such bar. When "a challenger contests the substance of an agency decision as exceeding . . . statutory authority," as Plaintiff does in its Amended Complaint, "[t]he challenge must be brought within six years of the agency's application of the disputed decision to the challenger." *Wind River Mining Corp. v. United States*, 946 F.2d 710, 715-16 (9th Cir. 1991); *accord P&V Enters. v. U.S. Army Corps of Eng'rs*, 466 F. Supp. 2d 134, 143 (D.D.C. 2006). DHS made its earliest final determinations on Plaintiff's FOIA requests on October 30, 2009 (Am. Compl. ¶ 38), and Plaintiff first raised its as-applied challenge to DHS's use of § 5.3 in making FOIA determinations in the Amended Complaint on March 20, 2012 (Am. Compl. ¶¶ 52-66). Plaintiff's as-applied claim thus falls well within the six-year statute of limitations. The court therefore denies DHS's motion to dismiss the claim.

## IV. Conclusion

For the reasons provided above, the court grants in part and denies in part Defendant's Motion to Dismiss.

IT IS SO ORDERED.

Dated: May 17, 2012



DONNA M. RYU
United States Magistrate Judge