1  Gary A. Nye, Esq. (Cal. Bar No. 126104)
2  David R. Ginsburg, Esq. (Cal. Bar No. 210900)
   ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP
3  5820 Canoga Avenue, Suite 250
   Woodland Hills, California 91367
4  Telephone:     (818) 992-9999
   Facsimile:     (818) 992-9991
5  Email:         gan@rpnalaw.com, drg@rpnalaw.com

6
   Attorneys for Plaintiff
7  GONZALES & GONZALES BONDS AND
   INSURANCE AGENCY, INC.
8

9  MELINDA HAAG (CSBN 132612)
   United States Attorney
10 ALEX G. TSE (CSBN 152348)
   Chief, Civil Division
11 ANN MARIE REDING (CSBN 226864)
   Assistant United States Attorney
12
        450 Golden Gate Avenue, Box 36055
13      San Francisco, California 94102-3495
        Telephone: (415) 436-6813
14      FAX: (415) 436-6748
        annie.reding@usdoj.gov
15
   Attorneys for Defendant
16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                          OAKLAND DIVISION

20

21 GONZALES & GONZALES BONDS AND       )  Case No. CV 11-02267 DMR (LB)
   INSURANCE AGENCY, INC.,             )
22                                     )  STIPULATION AND [PROPOSED] ORDER
                                       )  RE SETTLEMENT OF ATTORNEYS' FEES
23             Plaintiff,              )  AND COSTS
                                       )
24 vs.                                 )
                                       )  [PROPOSED] ORDER
25 UNITED STATES DEPARTMENT OF         )
   HOMELAND SECURITY,                  )
26                                     )
                                       )
27             Defendant.              )

28
                                        1
   **STIPULATION AND [PROPOSED] ORDER RE SETTLEMENT OF ATTORNEYS' FEES AND COSTS
   CV 11-02267 DMR**

Defendant United States Department of Homeland Security and Plaintiff Gonzales & Gonzales Bonds and Insurance Agency, Inc., by and through their respective counsel, hereby enter into this Stipulation and [Proposed] Order Re Settlement of Attorneys' Fees and Costs (the "Stipulation") as follows:

1. Defendant shall pay to Plaintiff the amount of one hundred thousand U.S. dollars and zero cents ($100,000.00) in full and complete satisfaction of Plaintiff's claims for attorneys' fees, costs, and litigation expenses (and any interest accrued thereon) under the Freedom of Information Act ("FOIA") which Plaintiff incurred in the above-captioned matter through the date of this Stipulation.  This payment shall constitute full and final satisfaction of any and all of Plaintiff's claims for attorneys' fees, costs, and litigation expenses in the above-captioned matter, and is inclusive of any interest, with the exception of any subsequent litigation pursued under the same case number and/or with the same judge as described in Paragraph 3 below.  Payment of this money will be made by electronic funds transfer, and Plaintiff's counsel will provide the necessary information to Defendant's counsel to effectuate the transfer.  Defendant will make payment within sixty (60) days of the date that this Stipulation is approved by the Court, and will endeavor to make payment within thirty (30) days of that date.

2. Upon the execution of this Stipulation, Plaintiff hereby releases and forever discharges Defendant, its successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims for attorneys' fees, costs, and litigation expenses (and any interest accrued thereon) under the FOIA which Plaintiff incurred in the above-captioned matter through the date of this Stipulation.

3. The parties understand and agree that Plaintiff may pursue, and is not releasing, any claims for attorneys' fees, costs, and litigation expenses (and any interest accrued thereon) related to litigation that may arise after the date of this Stipulation, including, but not limited to, Defendant's processing of Plaintiff's FOIA requests pursuant to the Court's December 21, 2012 order in this case, regardless of whether such litigation is pursued under the same case number and/or with the same judge. The December 21, 2012 Court order remains in full force and effect.

4. This Stipulation shall not be construed as having any effect on the appeal of the Court's December 21, 2012 decision in this case, which is currently pending before the Ninth Circuit Court of Appeals (Case No. 13-15415). The parties understand and agree that Plaintiff may pursue, and is not releasing, any claims for attorneys' fees, costs, and litigation expenses (and any interest accrued thereon) related to the pending appeal.

5. The parties acknowledge that this Stipulation is entered into solely for the purpose of settling and compromising Plaintiff's claim for attorneys' fees and costs in this action without further litigation, and it shall not be construed as evidence or as an admission on the part of Defendant, the United States, its agents, servants, or employees regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by the Defendant regarding Plaintiff's entitlement to attorneys' fees or other litigation costs under FOIA. This Stipulation shall not be used in any manner to establish liability for fees, amounts, or hourly rates in any other case or proceeding involving Defendant.

6. This Stipulation is binding upon and inures to the benefit of the parties hereto and their respective successors and assigns.

7. If any provision of this Stipulation shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

8. This Stipulation shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Stipulation has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation.

9. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Stipulation.

10. This Stipulation may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

11. This Stipulation may be executed in counterparts and is effective on the date by which both parties' counsel have executed the Stipulation.

|  |  |
|---|---|
| 1 |  |
| 2 |  |
| 3 | SO STIPULATED AND AGREED. |
| 4 |  |
| 5 | Dated: July 29, 2013 — Respectfully submitted, ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP |
| 6 |  |
| 7 | /s/ David R. Ginsburg<br>GARY A. NYE<br>DAVID R. GINSBURG |
| 8 | Attorneys for Plaintiff GONZALES & GONZALES BONDS AND INSURANCE AGENCY, INC. |

SO STIPULATED AND AGREED.

Dated: July 29, 2013

Respectfully submitted,
ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

/s/ David R. Ginsburg
GARY A. NYE
DAVID R. GINSBURG
Attorneys for Plaintiff GONZALES & GONZALES
BONDS AND INSURANCE AGENCY, INC.

DATED: July 29, 2013

Respectfully submitted,
MELINDA HAAG
United States Attorney

/s/ Ann Marie Reding
ANN MARIE REDING
Assistant United States Attorney
Attorneys for Defendant

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _July 31, 2013_____

_____
DONNA M. RYU
United States Magistrate Judge